UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                                      )
                                                            )
    LINDA ELIZABETH ARTSON              )     Case No. 05-15245-SSM
                                                            )     Chapter 13
               Debtor                 )

**MEMORANDUM OPINION AND ORDER**

      A hearing was held on August 13, 2008, on the amended application of Ronald B. Cox, Esquire, for approval and payment of $776.25 in supplemental compensation as counsel for the debtor.[1] Having reviewed the application, the court finds that the additional fees—which were incurred primarily in connection with a motion for relief from the automatic stay brought by the debtor's mortgage company—are reasonable. The chapter 13 trustee, however, advised the court that the plan was not sufficiently funded to allow payment of the fees without reducing the dividend currently being paid on unsecured claims. Debtor's counsel responded that because unsecured creditors are currently receiving more than was projected in the plan, there is no prejudice to them from paying the requested fees so long as the actual dividend does not fall below the estimated dividend at the time the plan was confirmed. Because the court does not concur that there is an absence of prejudice, and because creditors were not given adequate notice, the court will not approve the payment of the fees through the plan to the extent payment will reduce the currently scheduled dividend.

---

[1] The requested fees are in addition to $2,933.35 previously paid or approved for payment.

1

Background and Discussion

The debtor, Linda Elizabeth Artson, filed a voluntary chapter 13 petition in this court on October 14, 2005. She has been represented throughout the case by Ronald B. Cox, an experienced bankruptcy attorney. An amended chapter 13 plan filed on December 9, 2005, was confirmed without objection on January 30, 2006. It required the debtor to pay the chapter 13 trustee $500.00 per month for 30 months, followed by $560.00 per month for the next 30 months, for total payments into the plan of $31,800.00. From these, the trustee would pay his own commission, $2,000.00 to the debtor's attorney, and approximately $1,600 in priority tax claims. Six unsecured creditors holding joint claims against the debtor and her husband would be paid 100 cents on the dollar, while other unsecured claims would share pro rata in the remaining funds, with the estimated distribution being 5 cents on the dollar. As it turns out, a significant number of unsecured creditors did not file claims, and the trustee has actually scheduled the non-joint unsecured claims for payment at 29 cents on the dollar.[2] According to the trustee, he has notified creditors that their claims are being paid at that percentage.

The non-joint unsecured claims filed in the case total $39,257. So far, the trustee has paid those creditors $11,385, equating to a dividend of 12 cents on the dollar. The future payments scheduled by the trustee on those claims total $6,576 over the remaining term of the

---

[2] The standard form of chapter 13 plan in this district is a "pot plan" rather than a "percentage plan." *See, In re Witkowski*, 16 F.3d 739, 741 & n.11 (7th Cir. 1994) (explaining the difference). That is, unsecured creditors, rather than being promised a specific percentage payment of their claims, share pro rata in the "pot" that remains after payment of secured and priority claims. If the claims actually filed are less than the debtor estimated—which can easily occur if one or more creditors do not file claims—then unsecured creditors may receive more than projected by the plan. Of course, the converse is also true: if claims are filed in a higher amount than expected, the resulting dividend on unsecured claims may be less than projected.

plan. Payment of the requested $776 in attorneys fees would reduce that amount to $5,799, which in turn would reduce the total dividend being paid to unsecured creditors from 29 cents on the dollar to 27 cents on the dollar.[3]

That is admittedly not a large reduction. Coupled with the fact that the non-joint unsecured creditors will still receive approximately five time the dividend projected in the plan— to which no creditor objected—an argument can certainly be made that the prejudice to the non-joint unsecured creditors is minimal. The problem is that, while the reduction may be small, it is not so small that it can fairly be described as *de minimis.* It is a mistake, moreover, to think that unsecured creditors are not prejudiced simply because the distribution being paid to them does not fall below the percent estimated in the plan. The very nature of a pot plan is that the estimate is only that—neither a floor nor a ceiling—and unsecured creditors have a right to share in the upside if claims are filed in a lower amount than expected. The resulting increase in the percentage dividend being paid on unsecured claims is not a matter of grace or a windfall but rather an entitlement.

In this district, an application for supplemental compensation in a chapter 13 case must state whether allowance and payment of the additional fees would reduce the dividend being paid to unsecured creditors and, if so, whether the plan may be modified to pay the requested fees without reducing the dividend. *In re Robinson*, 368 B.R. 492, 499 (Bankr. E.D. Va. 2007). The reason is straight-forward:

---

[3] Debtor's counsel represents that his client is unable to increase the monthly amount of her plan payments, and the plan—which already provides for payments over the maximum 60-month period permitted by statute—cannot be extended.

> Creditors who might object if they knew their ox was in danger of being gored would obviously have no motive to scrutinize the fee request if assured that their ox was safe. Does this mean that a fee application can never be approved if granting it would reduce the dividend to unsecured creditors? Of course not. But at the very least it does require that creditors be plainly and conspicuously informed of what is afoot.

*Id.* at 499-500. That, unfortunately, did not occur in this case. The notice to creditors simply stated, "Counsel seeks approval of $3,709.60 in total fees of which sum the Debtor has paid $750.00 and the Trustee has paid $2,183.35 to date. The sum of $776.25 is to be paid further in the Plan." There is <u>no</u> disclosure that approval of the fees would reduce the dividend being paid on non-joint unsecured claims from the 29% that the trustee is currently paying to 27%. In *Robinson*, this court held that without proper disclosure to unsecured creditors of the prejudicial effect of a fee application that would reduce the dividend being paid to them,[4] payment of the fees through the plan would not be authorized. The court sees no basis to vary that holding simply because the prejudice here is relatively small compared to that in *Robinson*.

O R D E R

It is, accordingly,

**ORDERED:**

---

[4] In *Robinson*, the court suggested the following as an example of the type of language that would be appropriate:

> George Wythe Law Offices, P.C., has filed an application with the court for approval and payment of $5,000.00 in additional compensation as attorney for the debtor for the period from June 30, 2007 to December 31, 2007. **If the application is granted, the dividend being paid on unsecured claims will be reduced from approximately 80% to approximately 55%**.

368 B.R. at 500, n.6 (emphasis in original).

1. Supplemental compensation is approved in the amount of **$776.25** and may be paid by the chapter 13 trustee as an expense of administration to the extent funds are available without reducing the currently scheduled dividend to unsecured creditors. To the extent not paid by the trustee, the approved fees may be collected directly from the debtor after payments under the plan are completed.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____         _____
                                    Stephen S. Mitchell
Alexandria, Virginia                United States Bankruptcy Judge

Copies to:

Linda Elizabeth Artson
1210 Fox Run Place
Woodbridge, VA 22191
Debtor

Ronald B. Cox, Esquire
308-C Poplar Alley
P.O. Box 468
Occoquan, VA  22125
Counsel for the debtor

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee